LUIS LORENZO HERNANDEZ, APPELLANT, *v*. THE STATE OF NEVADA, RESPONDENT.

No. 7426

February 6, 1974                    519 P.2d 107

*Peter L. Flangas,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *Roy A. Woofter,* District Attorney, *Charles L. Garner,* Chief Deputy District Attorney, and *Addeliar D. Guy,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

The appellant, a juvenile, was certified to stand trial as an adult for the crime of involuntary manslaughter. Certification is authorized if the crime charged "would be a felony if committed by an adult," NRS 62.080. Since the punishment for involuntary manslaughter may be either state prison confinement, a felony, or county jail confinement, a gross misdemeanor [NRS 200.090], the appellant contends that certification is impermissible. This contention ignores NRS 193.120(2) which provides that "every crime which may be punished by death or imprisonment in the state prison is a felony."

Prior to judgment, an offense which is punishable either by imprisonment in the state prison or confinement in the county jail is deemed a felony for all purposes and remains a felony until the court imposes a lesser sentence. Brooks v. Superior Court, 48 Cal.Rptr. 762, 764 (Cal.App. 1966); People v. Cline, 75 Cal.Rptr. 459, 462 (Cal.App. 1969). Since involuntary manslaughter may be punished by imprisonment in the state prison it is a felony for the purposes of certification even though the district court may decide to impose a lesser sentence.

Affirmed.